# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CHRIS TIEMANN, et al. | § | |
| | § | |
| V. | § | A-18-CV-301-LY |
| | § | |
| PHILIP YERES AND APPLE INC. | § | |

## ORDER

Before the Court are Plaintiffs' Motion for Discovery Sanctions and Memorandum in Support of Motion (Dkt. No. 28); Defendant's Response (Dkt. No. 32); and Plaintiffs' Reply (Dkt. No. 33). On November 30, 2018, the District Court referred the above-Motion to the instant Magistrate Court for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

## I. ANALYSIS

Philip Yeres, a resident of New York and an employee of Apple Inc., was driving to Apple's campus in North Austin in October 2017 when he struck a vehicle driven by Rose Tiemann. Ms Tiemann was taken to the hospital, and she died a few hours later. On April 10, 2018, Chris Tiemann, the Executor of the Estate of Rose Tiemann, and Stacy Janecka filed this wrongful death lawsuit against Apple and Yeres alleging negligence, negligence per se, and gross negligence. Plaintiffs sue Apple under a theory of respondeat superior.

Other than Ms. Tiemann, there were apparently only two witnesses to the collision—Yeres and Amber Culver, the driver of a separate vehicle not involved in the accident. Plaintiffs took the deposition of Culver on August 20, 2018, and Yeres on August 21, 2018. Yeres had strikingly little recollection of the events leading up to the accident. After Plaintiffs requested Apple to present a corporate representative for deposition pursuant to Rule 30(b)(6), Apple designated Aravind

Gowrisankar, who was Yeres' supervisor, and who Yeres called immediately after the accident. The Rule 30(b)(6) notice requested that Apple designate a representative to testify with regard to 29 different topics. While five of these topics related to Yeres' job and travel schedule (*see* Topics 1, 2 & 27-29 in Dkt. 32-4), the vast majority of the topics related to the collision and the events leading up to it. As noted, the only witnesses to the accident were Yeres, Tiemann and Culver.

Because Gowriskanar answered a number of questions during the deposition by stating that Apple did not have any knowledge of the topic, *see* Dkt. 32-6, Plaintiffs move here for sanctions, arguing that Apple violated Rule 30(b)(6) by producing a corporate agent for deposition who was not knowledgeable regarding the designated topics. Plaintiffs argue that the Court should sanction Apple by excluding any evidence in support of Apple's contentions addressed in the Rule 30(b)(6) Notice, and by awarding Plaintiffs their fees and expenses in filing this motion. Alternatively, Plaintiffs seek an order requiring that Apple produce another designated witness within 14 days with all expenses associated with the deposition to be paid by Apple. Apple responds that it did not violate Rule 30(b)(6) and therefore sanctions are inappropriate. Apple contends that it informed Plaintiffs' counsel that Apple did not possess knowledge related to several of the designated topics, but it would nonetheless prepare a representative to testify on the topics for which Apple did possess knowledge. Apple avers that it designated Gowrisankar as the Rule 30(b)(6) witness because, other than Yeres, "he was the only available, knowledgeable, and readily identifiable witness" employed by Apple who had information about several of the topics at issue. Dkt. No. 32 at 3.

Federal Rule of Civil Procedure 30(b)(6) provides that:

> In its notice or subpoena, a party may name as the deponent a . . . private corporation, and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing

> agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about *information known or reasonably available to the organization.*

FED. R. CIV. P. 30(b)(6) (emphasis added). Rule 30(b)(6) requires that the corporation "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006) (internal citations and quotations omitted). In addition, the duty to present and prepare a Rule 30(b)(6) designee "goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Id.* "The deponent must prepare the designee *to the extent matters are reasonably available*, whether from documents, past employees, or other sources." *Id.* (emphasis added).

Rule 37(d) provides that the Court may "order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). The rule states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d)(3). The Fifth Circuit has held Rule 37(d) sanctions are available where a designated Rule 30(b)(6) representative "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness," because under

3

such circumstances, "the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

Having reviewed the Deposition Notice and the transcript of Gowrisankar's deposition, sanctions are not appropriate here. Though Apple was obligated to present a witness to testify "about information known or reasonably available to" it, *see* FED. R. CIV. P. 30(b)(6), it was not obligated to have a representative gather information on matters *not* known to Apple, and then testify about that information. The purpose of the rule is to have a way to efficiently gather information that a corporation, somewhere within its ranks, possesses.[1] As Apple notes in its response, though the collision involved one of its employees traveling on company business, the only knowledge of the facts surrounding the collision it has would be those known to the driver; it otherwise does not possess information about the collision. Thus—using one of the areas Plaintiffs focus on—Apple as a corporation does not keep track of the speed limits on roads near its facilities. That is not its business. So the fact that Apple's corporate representative was not able to answer questions about the speed limit on the road where the collision occurred does not mean that Apple failed to properly prepare the representative for the deposition.[2]

Though at least one court has interpreted Rule 30(b)(6) very broadly—concluding that a corporate representative must be prepared to state the corporation's "position" on matters in dispute,

---

[1]*See* Advisory Comm. Notes to 1970 Amendments, FED. R. CIV. P. 30(b)(6) (Noting that the new rule "will curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims *knowledge of facts that are clearly known to persons in the organization and thereby to it.*") (emphasis added).

[2]It is a bit perplexing why Plaintiffs focus on the speed limit issue so much. It's clear from the emails attached to the motion that Apple does not dispute Plaintiffs' position on the speed limit, and has even offered to stipulate to it. Dkt. No. 32-7 at 2.

and not just what the corporation knows[3]—most courts have not read the rule so expansively. Rather, the weight of the authority (sparse though it is) reads Rule 30(b)(6) as only obligating a corporate representative to be prepared to testify regarding any facts known to the corporation, even if they are not known to the representative. Thus, in one of the cases Plaintiffs rely on, the Fifth Circuit stated that it agreed "that [the corporation] violated rule 30(b)(6) by failing to prepare [the representative] with respect to issues that although not within his personal knowledge, *were within the corporate knowledge of the organization* . . . ." *Brazos River Auth.*, 469 F.3d at 433 (emphasis added). Further, it described the matters a representative must be prepared to testify to as whatever is "within the collective knowledge or subjective belief of [the corporation]." *Id.* at 434. Indeed, in the original Fifth Circuit decision to address these issues, the court found that the corporation did not meet its Rule 30(b)(6) obligation not only because the witnesses it presented had no knowledge of the matters asked about, but also because there *was* a corporate employee who *did* have the relevant knowledge, and the corporation failed to act diligently to determine that and either present him for the deposition, or educate its chosen representative on the facts that employee knew:

> In the instant case, RTC possessed documents that clearly identified Jones as having personal knowledge of the subject of the deposition. RTC did not furnish those documents or designate Jones until after it had designated Perry and Wieting, obliged Southern Union's counsel to travel from Washington, D.C. to Dallas for a useless deposition, and been served with Southern Union's motion for sanctions."

*Resolution Trust Corp*, 985 F.2d at 197. Thus, at the end of the day, most courts agree with Magistrate Judge Piester's statement in the *Dravo* case: "If [the corporation] does not possess such knowledge as to so prepare [the witness] or another designate, then its obligations under Rule

---

[3]*See United States v. Taylor,* 166 F.R.D.356, 361-62 (M.D.N.C. 1996). As Apple notes in its response, even this court stated that "[s]ome inquiries are better answered through contention interrogatories." *Id.* at 362 n.7.

30(b)(6) obviously cease, since the rule requires testimony only as to 'matters known or reasonably available to the organization.'" *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995).

Under Rule 30(b)(6), Apple was only required to make a good faith, conscientious effort to prepare its witness on facts "*clearly known* to persons within the organization." FED. R. CIV. P. 30(b)(6); *Brazos River*, 469 F.3d at 433. Gowrisankar testified as to Apple's knowledge on several topics, including the details and purpose of Yeres' travel to Austin, Apple's travel policies, Apple's involvement with Yeres' travel, the time Yeres and other employees are expected to arrive to work, etc. The areas where Gowrisankar was unable to answer questions were on matters outside of Apple's knowledge, such as the proximate cause of Tiemann's death, Tiemann's pre-existing conditions, the actions of Yeres or Tiemann on the day of the accident, historical traffic flow on Anderson Mill, or the damages the Tiemann family suffered as a result of the death. Because those topics are not "matters known or reasonably available to" Apple, Gowriskanar's lack of knowledge on those topics did not violate Rule 30(b)(6). FED. R. CIV. P. 30(b)(6); *Dravo*, 164 F.R.D. at 76. *See also*, *Briese Lichttechnik Vertriebs GmbH v. Langton*, 272 F.R.D. 369, 375 (S.D.N.Y. 2011) (finding that the existence of "a number of questions to which [Rule 30(b)(6) ] witnesses responded that they did not know the answer" failed to merit additional deposition where witnesses appeared otherwise adequately prepared).

Where it appears Plaintiffs have gone astray is in attempting to use this 30(b)(6) deposition to gather information better gathered in "contention" interrogatories, or expert discovery. For example, while Apple may well take a position at trial regarding whether the collision was the proximate cause of Ms. Tiemann's death, whatever that position is will not be based on any

information that Apple or one of its employees possesses, but instead will be based on a retained expert's opinion. The means to gather that information is through expert discovery. Similarly, if Plaintiffs wish to know the facts supporting Apple's denial of Plaintiffs' claim that Yeres was driving 64 mph at the time of the collision, sending an interrogatory asking for those facts, and doing so *after* the accident reconstruction experts have been designated and issued reports, seems a more sensible way to go. Insisting that an Apple representative have that knowledge, and seeking sanctions when he does not, is not sensible.[4]

Where sanctions have been ordered for the failure of a 30(b)(6) witness to be prepared to respond to questions, they have been based on courts finding such things as "extreme obfuscation and unpreparedness." *Preferred Carolinas Realty, Inc. v. Am. Home Realty Network, Inc.*, 2014 WL 1320133, at *7 (M.D.N.C. Mar. 28, 2014). Because that is not the case here, sanctions are not warranted. Accordingly, Plaintiffs' Motion for Discovery Sanctions (Dkt. No. 28) is **DENIED**.

SIGNED this 22nd day of February, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[4] Nothing said herein, however, would allow Apple to offer evidence at trial, either through its own witnesses, or retained experts, that Apple has not disclosed to Plaintiffs during discovery. Whether the material is produced as part of Apple's initial disclosures, responses to interrogatories, or expert reports or testimony, Apple must make any evidence it intends to rely on at trial available to the Plaintiffs during discovery.